UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HAL GEORGE MCKOY, ) | |
| ) | |
| Movant ) | |
| v. ) | 2:09-cr-00056-DBH-1 |
| ) | 2:12-cv-00347-DBH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

On November 13, 2012, Hal George McKoy filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. McKoy was sentenced in this court on October 28, 2010, and judgment entered against him on that date. No appeal was ever taken. However, McKoy did file a motion in the First Circuit Court of Appeals seeking leave to file a second or successive § 2255 petition. The First Circuit denied his request because there was no record of petitioner having previously filed a petition for relief pursuant to § 2255 in this court. (ECF No. 544.) A review of the Court of Appeals docket indicates that McKoy filed his actual motion in that court on August 9, 2012, well beyond the one-year statute of limitation set forth in 28 U.S.C. § 2255(f). McKoy v. United States, No. 12-1967. Following my initial screening of this case I issued an Order to Show Cause requiring both parties to file responses explaining why the petition should not be dismissed as untimely. (ECF No. 546.) Both sides have done so and the petitioner has additionally filed other supplemental pleadings. I now terminate the Order to Show Cause. I now recommend that the court summarily dismiss this petition because it is untimely and, even if

it were not, McKoy has not stated a sustainable § 2255 ground that would entitle him to any relief.

## DISCUSSION

Title 28 U.S.C. §2255(f) provides that "[a] 1-year period of limitation shall apply to a motion under this section" and specifies that the deadline begins to run from the latest of four possible dates. Section 2255(f)(1) provides that the one-year deadline begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(f)(1). A judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction, thus creating a 90-day window following the one-year anniversary of the appellate court's entry of its mandate. Clay v. United States, 537 U.S. 522 (2003). However, because McKoy never appealed his conviction or sentence, the judgment against him became final fourteen days after October 28, 2010, on November 13, 2010, when a notice of appeal was due to be filed. See Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . :  (i) the entry of either the judgment or order being appealed[.]" ).

McKoy does not fall within any of the other three subsections. Section 2255(f)(2) does not apply to McKoy. There is no suggestion in the record of a Government-created impediment to filing a timely § 2255 petition, such as § 2255(f)(2) envisions. The petition also is not timely pursuant to § 2255(f)(3). That subsection provides that the one-year deadline begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The new authority on which McKoy relies is not a new and retroactively applicable decision of the United States Supreme Court. Rather, what he identifies as the basis

for relief is a February 2012 "reverse course" by the Attorney General of the United States that permitted "fast track" reductions under the United States Sentencing Guidelines to apply across the nation rather than only in selected jurisdictions. Finally, McKoy has not even claimed that he has newly-discovered facts within the meaning of § 2255(f)(4) that would permit the one-year deadline to begin running from the date those facts were unearthed. McKoy's petition is untimely under all four subsections of § 2255(f) and for that reason alone, it should be summarily dismissed. Rogers v. United States, 180 F.3d 349 (1st Cir. 1999) (acknowledging the one-year statute of limitation and applying it to convictions that became final prior to the effective date of the AEDPA).

The Government's answer to the petition fully explains why the "fast track" program which McKoy wants to invoke does not apply to him (Answer at 5-6, ECF No. 548) and why neither of the attorneys who represented McKoy provided ineffective assistance (id. at 6-7). I see no reason to reach these issues because the petition is clearly untimely under any reading of the statutory provisions. The doctrine of equitable tolling has not been invoked by petitioner, nor could it be based on the factual circumstances presented. See Ramos-Martinez v. United States, 638 F.3d 315, 322-325 (1st Cir. 2011) (discussing the standards governing the doctrine of equitable tolling in the context of a section 2255 petition).

## CONCLUSION

For the reasons set forth above I recommend that the Court summarily deny this 28 U.S.C. § 2255 motion and deny McKoy a certificate of appealability.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being

served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 4, 2013

/s/Margaret J. Kravchuk
U.S. Magistrate Judge